IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-00334-03-CR-W-HFS |
| SAMUEL VARGAS, JR., ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

By order of the Magistrate Judge a $20,000 bond has been forfeited. The bond, signed by defendant's parents, guaranteed his appearance in court and also his compliance with conditions of release. As stated in the order declaring a forfeiture, there has been misconduct and noncompliance. There was also evasive conduct when an arrest warrant was issued, because of the misconduct pending sentencing. For reasons adequately described by Judge Larsen, the declaration of forfeiture seems to have been mandated. Rule 46(f)(1), F.R. Crim. Proc.

Defendant appeals to the district court, contesting some of the findings and legal rulings of the Magistrate Judge. He also seeks relief under Rule 46 (f)(2), F.R. Crim. Proc. In particular I note that a forfeiture can be set aside "in whole or in part" when "justice does not require" total or partial forfeiture.

It is unclear to what extent Judge Larsen was requested to temper the bond forfeiture, and a remand to him might be appropriate. The Government's briefing does not deal with the requirements of justice although the appeal was filed on June 18. Although I could remand or could

issue a show cause order to the Government it seems unnecessary to prolong this dispute. The forfeiture will be reduced by $18,000, and will stand in the amount of $2,000.[*]

The seriousness of the misconduct by defendant and his parents can be evaluated by examination of the ruling by the Magistrate Judge. There was apparently some confusion about self-surrender, but since defendant was not given notice of a court appearance I do not believe anything more than a nominal amount should be forfeited for evading the Marshals or for failing to self-surrender without formal notice. Conditions of release were not followed in various aspects, and the parents were lax in supervising defendant's compliance, including his duty to reside with them. Defendant contends there is no precedent in this Circuit for a forfeiture when it is the conditions of release that have been violated. Perhaps that is true, but the obligations of the sureties were expressed in writing.

A penal award of $20,000 seems clearly excessive, and even $2,000 may seem somewhat harsh. For reasons stated by Judge Larsen, however, that much forfeiture will be allowed.

It is therefore ORDERED that the forfeiture declared in Doc. 83 is hereby reduced from $20,000 to $2,000.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

July 6, 2007

Kansas City, Missouri

---

[*] Compare United States v. Urquiza, 2006 WL 2691074 (E.D. Wis.), where a $30,000 forfeiture was entirely denied or set aside, where there was somewhat less fault than in this case.